### DAVID ROBINSON, PLAINTIFF IN ERROR, VS. STATE OF FLORIDA, DEFENDANT IN ERROR.

1. The venue is a necessary part of an indictment, and it must be proven as laid.
2. The time of the commission of the offence must be proven to show that the prosecution is not barred by the statute of limitations.

Writ of Error to the Circuit Court for Leon county.

This case was tried in the Circuit Court before Judge Vann, of the Third Circuit, presiding in Leon county.

The facts of the case are stated in the opinion.

*W. P. Byrd* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

In the month of December, A. D. 1883, at a term of the

Circuit Court held in and for Leon county, David Robinson was indicted by the grand jury of that county for setting fire to and burning a " certain framed gin house," &c.

The defendant plead not guilty, was duly tried and found guilty.

Counsel for the defendant then made a motion for a new trial, which was denied.

Defendant then brings the case to this court by writ of error.

The motion for a new trial should have been granted. The evidence is here in a bill of exceptions. The indictment charges the offence to have been committed on the 31st day of October, A. D. 1883, in the county of Leon, State of Florida. There is no evidence to prove the venue or the time of the commission of the offence. These are material allegations and should have been proven. The statutes of this State provide that " all offences not punishable with death shall be prosecuted within two years next after the same shall have been committed." Thomp. Dig., 490. We have had occasion to announce this rule several times. Evans vs. The State, 17 Fla., 192 ; McCoy vs. The State, Ib., 193 ; Nelson vs. The State, Ib., 195 ; Cook vs. The State, 20 Fla., *supra.*

The Judge certifies in the bill of exceptions that " the venue was proven by one of the witnesses, Dorse. In my notes of the testimony, I made a memorandum to that effect, and do not think I am mistaken, though counsel for the accused differs from me." The evidence of the venue is not in the bill of exceptions. What was the venue as proven? or what was the venue the Judge thinks was proven? Did it correspond to that laid in the indictment, or did it not? If there was such evidence it should appear in the bill of exceptions, and the fact that it was given and

corresponds to the allegations in the indictment cannot be inferred from such a certificate as that given above.

So far as the evidence is concerned, the offence might have been committed in any other county of this, or any other State, or at any time, before or since the adoption of our State Constitution.

Judgment reversed and new trial awarded.