WILBUR RIMES, *Plaintiff in Error,* vs. STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed March 28, 1931.

*H. H. McDonald* and *Zach H. Douglas,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General and *Roy Campbell,* Assistant, for the State.

HUTCHISON, Circuit Judge:

The plaintiff in error, hereinafter designated the defendant, was tried in the Circuit Court of Union County on an indictment containing three counts. The first count, omitting the formal beginning and conclusion, is as follows:

"The Grand Jurors of the State of Florida duly em-

paneled and sworn to inquire and true presentment make in and for the body of the County of Union, upon their oaths do present that Wilbur Rimes on the fourth day of August, A. D. 1929, did unlawfully and feloniously desert his lawful wife Virginia Rimes, and his lawful child, Thomas H. Rimes.''

The other two counts in the indictment contain no reference to the wife, Virginia Rimes, but charge the defendant with with-holding the means of support from Thomas H. Rimes.

At the trial of the case the jury returned the following verdict:

''We, the jury, find the defendant guilty of deserting his wife and child, so say we all.''

Judgment was entered by the trial court upon this verdict.

The case is before us on writ of error.

The indictment does not allege in what county or state the alleged offense was committed and before pleading in bar, defendant filed a motion to quash the indictment, questioning its sufficiency. The motion to quash was denied by the trial court and defendant assigns this action of the trial court as error.

In order to charge one with the commission of a criminal offense in this State, the indictment must charge the time, place and acts done, or omitted, by the accused which constitute the offense. Venue is a necessary part of the indictment and must be proven as laid. Robinson vs. State, 20 Fla. 804. It is necessary for the indictment to state the county within which the offense was committed, and the proof must affirmatively sustain such allegation. (McKinnie vs. State, 44 Fla. 143; 32 So. 786.) Count One under which defendant was convicted does

not contain any allegation that the desertion alleged took place in any designated county or state, nor does it charge whether the offense was committed within or outside the State of Florida. The indictment as framed would not protect the defendant against another prosecution for the same offense, as no county is named as the place of the commission of the offense alleged. The naming of the county in which the Grand Jury sat, in the caption of the indictment, does not supply the deficiency. The defect is one of substance and not of form. Count One of the indictment is fatally defective in that it lays no venue. The motion to quash should have been granted.

Reversed.

BUFORD, C.J., AND WHITFIELD, TERRELL AND BROWN, J.J., concur.

ELLIS, J., not participating.

DAVIS, J., disqualified.