130 So.2d 599 (1961)
Samuel JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 30926.
Supreme Court of Florida.
May 31, 1961.
Francisco A. Rodriguez, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
*600 THORNAL, Justice.
Appellant Samuel Johnson seeks reversal of a judgment of guilt and a sentence to death entered pursuant to a jury verdict finding him guilty of murder in the first degree without a mercy recommendation.
The sole point assigned for reversal is the allowance of evidence and discussion by the prosecutor regarding appellant's escape from a State prison camp.
In 1958 Johnson escaped from confinement in a State road camp near Cocoa, Florida. He had been convicted and confined for an offense of breaking and entering with intent to commit a misdemeanor. About a year later, while still at large, Johnson burglarized a bar in Palatka. He stole some whisky, money and a.38 caliber pistol. The evening after the burglary appellant was detected by a police officer while patrolling the city in a police car. The officer summonsed help. In the ensuing chase to apprehend Johnson, police officer Faulk was shot by the appellant. The wounds were fatal. Sometime later Johnson was apprehended in a small community a short distance from Palatka. He confessed the crime and was subsequently indicted for the murder. His trial resulted in a jury verdict of guilty of first degree murder. Mercy was not recommended. The mandatory death sentence followed. We are now asked to reverse the judgment of guilt and the ensuing sentence.
The appellant contends that error was committed when the trial judge permitted evidence, including a confession which revealed the earlier conviction of the accused and his escape from the State prison camp in 1958. The State contends that the questioned evidence was relevant to the issues, particularly with reference to the motive for the shooting.
Although the appellant did not object to the questioned evidence when it was offered, he did file a motion for a mistrial because of the allowance of the evidence. He also moved for a new trial on this ground. We allow him the benefit of an objection, which technically was not presented in the orderly course of the trial.
A State prison official testified that Johnson had been incarcerated in a State Road Department camp pursuant to conviction for the crime of breaking and entering with intent to commit a misdemeanor. He testified that while so incarcerated Johnson escaped in 1958 and was still at large illegally when the instant crime was committed in 1959. It is the position of the State that the fact of the escape and appellant's status at the time he shot the officer were relevant to establish a motive for the crime.
We do not overlook appellant's contention that his flight after the crime might be admissible but that evidence of his earlier escape is violative of a contended rule which he claims precludes evidence that points to a collateral crime.
We have disposed of appellant's contention adverse to his position in Williams v. State, Fla. 1959, 110 So.2d 654, certiorari denied 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86. In the cited case we examined practically all of our prior decisions on this particular subject. We concluded that any fact relevant to prove a fact in issue is admissible unless its admissibility is precluded by some specific rule of exclusion. The test of admissibility is relevancy. The test of inadmissibility is lack of relevancy. Evidence which is relevant will not be excluded merely because it points to the commission of a separate crime unless the sole relevance is merely to point up the bad character or the criminal propensity of the accused. In a situation uncommonly analogous to the case at bar, Mackiewicz v. State, Fla. 1959, 114 So.2d 684, certiorari denied 362 U.S. 965, 80 S.Ct. 883, 4 L.Ed.2d 879, we reaffirmed this rule of admissibility of relevant evidence, despite its revelation of a collateral crime. There, as here, the collateral crime was a burglary *601 and there, as here, the evidence dealt with an escape and flight to prove motive.
The point for reversal which has been raised by the appellant must be resolved against him. In addition to the arguments of counsel we have, as required by Section 924.32, Florida Statutes, F.S.A., reviewed all of the evidence to determine its sufficiency to support the judgment and in the light of our duty to ascertain whether the interests of justice require a new trial. Finding as we do that the evidence was sufficient and that the demands of justice do not require a new trial, the judgment of conviction now under assault is affirmed.
It is so ordered.
THOMAS, C.J., and TERRELL, HOBSON, ROBERTS and O'CONNELL, JJ., concur.
DREW, J., concurs specially with opinion.
DREW, Justice (concurring specially).
Although there was no request for the instruction, no error was assigned for failing to give it, no point was made of it by appellant's counsel in his brief or his argument, the record establishes the fact that the trial judge in this first degree murder case, where the death penalty has been imposed, did not instruct the jury on murder in the third degree. On two previous occasions[1] I have stated my firm conviction that the failure to so charge in cases of this kind constitutes fundamental error. In neither instance have any of my brothers agreed with my conclusions and I can see no useful purpose to be served in further elaborating or again emphasizing the views expressed in those dissents.
This question having been twice considered by this Court and the position which I take in this matter twice rejected, I now feel the law of the State to be contrary to the views which I expressed and that such holding is binding upon me. I, therefore, concur in the opinion and judgment.
NOTES
[1] Brown v. State, Fla. 1960, 124 So.2d 481 (dissent at page 485); Jefferson v. State, Fla. 1961, 128 So.2d 132 (dissent at page 137).