SCHEB, Chief Judge.
S. D., a juvenile, challenges the trial court’s denial of his motion for discharge under Florida Rule of Juvenile Procedure 8.180(b), the speedy trial rule.
Appellant, age 14, was arrested on March 21, 1980, on a charge of selling marijuana, a felony. On April 9 appellant and his mother signed a document prepared by the Department of Health and Rehabilitative Services (HRS) entitled “Waiver of Speedy Trial” in order for him to enter a community control program. After reciting appellant’s right to have the charges against him determined by the juvenile court, the document provided:
I understand that I am being referred to a special program and that if I cooperate fully this charge against me will be dropped when I successfully complete the program.
Based upon this understanding I agree to give up the right to speedy trial . . . for the period that I am officially enrolled in the program. These rights are suspended beginning today.
On August 18 appellant was eliminated from the program. On August 25 the state filed a petition to have him declared a delinquent child based on his alleged delivery or sale of marijuana. Later, the state amended the charge to misdemeanor possession of a controlled substance.
After the state took no further action, appellant on November 5 filed a motion for discharge on the ground that an adjudicatory hearing had not begun within ninety days as required by Rule 8.180(b). The trial court denied the motion. Appellant then pled nolo contendere reserving his right to appeal the denial of his motion for discharge, and this appeal ensued.
The form that appellant signed is not a model of clarity. Although entitled “Waiver of Speedy Trial,” the text specifically provided that the speedy trial period was waived only for the period that appellant, was in the HRS program. The waiver states that “[tjhese rights are suspended beginning today.” Webster’s New Twentieth Century Dictionary, p. 1837, (Unabridged 2d Ed. 1980), defines suspended as meaning “interrupted; delayed temporarily.”
The state argues that the waiver actually constituted a continuance granted in order that appellant might participate in a community control program. Therefore, as the delay was attributable to appellant, he waived his right to a speedy trial under the rule. We disagree.
*1120 We find that the language in the document constitutes a limited waiver of speedy trial which this court has previously recognized as valid for specific purposes. Johns v. State, 340 So.2d 528 (Fla.2d DCA 1976).
Ordinarily, appellant was entitled to an adjudicatory hearing by June 19, 1980. The speedy trial period, however, was tolled from the time he signed the waiver on April 9 until he was eliminated from the program on August 18. Speedy trial began-to run again on August 18. Therefore, the appellant was entitled to an adjudicatory hearing no later than October 28. Appellant’s motion for discharge was filed November 5, eight days after the time for an adjudicatory hearing expired. Thus, under Rule 8.180(b), appellant was entitled to have the petition against him dismissed with prejudice.
Accordingly, we vacate the order denying discharge, and remand with directions to the trial court to discharge appellant.
GRIMES, J., concurs.
CAMPBELL, J., dissents with opinion.