459 So.2d 306 (1984)
Melvee TUCKER, Petitioner,
v.
The STATE of Florida, Respondent.
No. 62683.
Supreme Court of Florida.
October 25, 1984.
Rehearing Denied December 19, 1984.
Bennett H. Brummer, Public Defender and Howard K. Blumberg, Asst. Public Defender, Eleventh Judicial Circuit, Miami, for petitioner.
Jim Smith, Atty. Gen. and Michael J. Neimand, Asst. Atty. Gen., Miami, for respondent.
EHRLICH, Justice.
This cause, reported at 417 So.2d 1006 (Fla. 3d DCA 1982), is before the Court on a question certified as being of great public importance. We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
On December 15, 1977, Tucker was charged with first-degree murder in the *307 death of Harold Rosenbaum, which had occurred on June 11, 1974, more than three years earlier. At the close of the state's case, Tucker moved to dismiss the indictment on the grounds that it failed to allege venue. The motion was denied. Tucker also requested jury instructions on lesser-included offenses. The trial court denied the request because the statute of limitations had run on all lesser-included offenses.
Tucker was convicted and sentenced to life imprisonment with a minimum mandatory term of twenty-five years. The Third District Court of Appeal affirmed the conviction and sentence, but it certified as a question of great public importance the following:
Is the error in the failure of an indictment to specify the place where the crime allegedly occurred so fundamental that it may be urged on appeal, though not properly presented at the trial court, where the defendant is not hindered in the preparation or presentation of his defense and the situs of the crime is proved at trial?
417 So.2d at 1013, 1020 n. 1. We answer the question in the negative and approve the result reached by the district court.
The district court properly acknowledged this Court's ruling in State v. Black, 385 So.2d 1372 (Fla. 1980), holding that venue was an essential element of the crime charged, thus an indictment which failed to allege venue was so fundamentally defective as to be incapable of supporting a conviction. Nonetheless, the district court distinguished this case from Black on the grounds that in Black the insufficiency of the indictment was timely raised by a pre-trial motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(b). In Tucker, the issue was first raised when the state rested its case. Subsequent to this ruling of the district court, the Supreme Court of Florida issued State v. Gray, 435 So.2d 816 (Fla. 1983), reiterating the axiomatic proposition that fundamental error may be raised at any time, "before trial, after trial, on appeal, or by habeas corpus." Id. at 818. Rather than attempt to draw any distinctions among degrees of fundamental error, we revisit Black to determine whether it is in the best interests of justice to continue to define the allegation of venue to be a "fundamental defect which renders the indictment void."
Black relies primarily on a decision of this Court, Rimes v. State, 101 Fla. 1322, 133 So. 550 (1931). In Rimes, the defendant had been charged with desertion of and failure to support his wife and child. The indictment had failed to specify in what county the alleged crimes had occurred. The Court, in holding the defect to be "one of substance and not of form," 101 Fla. at 1324, 133 So. at 551, focused on the facts of the case and the policy underlying the requirement of an allegation of venue. "The indictment as framed would not protect the defendant against another prosecution for the same offense, as no county is named as the place of commission of the alleged offense." Id.
That the ruling of Rimes was dependent upon the facts of the case is apparent from the fact that seven years later a panel of the Court consisting largely of the same justices who had concurred in Rimes addressed the same issue on facts directly on point with those in Tucker. In Brown v. State, 135 Fla. 30, 184 So. 518 (1938), the Court was asked to reverse a trial court's refusal to quash an indictment for first-degree murder which failed to allege the venue of the crime. There the Court held:
The test of the sufficiency of an indictment under the law of Florida is whether or not it is so vague, inconsistent and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
135 Fla. at 34, 184 So. at 519-20. On the facts of that case, the Court found no error in the trial court's denial of the motion to dismiss.
The same language used by the Court in Brown, statutory in origin, see, e.g., section 8369, Compiled General Laws of Florida *308 (1927), was incorporated into Florida Rule of Criminal Procedure 3.140(o):
No indictment or information, or any count thereof, shall be dismissed or judgment arrested, or new trial granted on account of any defect in the form of the indictment or information or of misjoinder of offenses or for any cause whatsoever, unless the court shall be of the opinion that the indictment or information is so vague, indistinct and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.
(Emphasis supplied.)
No argument has been raised that Tucker was in any way embarrassed in the preparation of his defense, nor is there any threat of double jeopardy. Those facts alleged in the indictment indicate a specific date and a specific victim; other details were provided in a bill of particulars. Finally, the evidence adduced at trial was more than adequate to sustain a Blockburger defense to any possible future prosecution. See Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932).
Nor is the allegation of venue properly considered to be a jurisdictional requisite, as we held in Black. The issue is, as the Third District noted, solely one of venue, not affecting the power of the court to hear that case but rather addressing the propriety of that particular trial court to hear that particular case. This Court, in the same year it decided Black, discussed the difference between the two concepts in Lane v. State, 388 So.2d 1022, 1026 (Fla. 1980).
Venue should not be confused with jurisdiction although some of the original common law cases appear to concern venue... . Jurisdiction is the very power of the state to exert the influence of its courts over a criminal defendant, and it cannot be waived. Venue on the other hand is merely a privilege which may be waived or changed under certain circumstances.
This is not to gainsay the constitutional guarantee of defendant's venue privilege contained in article I, section 16 of the Florida Constitution. We would not fail to preserve Tucker's constitutional right "to be informed of the nature and cause of the accusation against him" and to be tried "in the county where the crime was committed." But Tucker has never claimed that venue was laid in the wrong county, nor has he claimed any misunderstanding of the nature and cause of the accusation against him. Had Tucker been able to show that the crime of which he was convicted was not committed in Dade County, or that the prosecution had not presented sufficient proof that the crime occurred in the county where the trial was held, the conviction clearly could not stand. Woodward v. Petteway, 123 Fla. 892, 168 So. 806 (1935); McKinnie v. State, 44 Fla. 143, 32 So. 786 (1902). Nonetheless, the Florida constitution does not mandate an allegation of venue in an indictment.
Any requirement that venue be alleged in an indictment is a procedural rule stemming from common-law applications of due process considerations. In Florida, this requirement arose as a judicial interpretation of a statute which merely required adequate notice. See, e.g., § 8363, Compiled General Laws of Florida (1927). As in Rimes, under earlier pleading standards, lack of a venue allegation raised the danger of inadequate protection from double jeopardy. This common law requirement is made a part of the modern procedural rules in Florida Rule of Criminal Procedure 3.140(d)(3), but it is also to be read in pari materia with subsection (o) of that same rule, quoted above.
Nor does any policy argument support absolute adherence to that archaic rule of pleading. Modern discovery procedures have vitiated the danger of prejudice in the preparation of a defense and have led to a relaxation of strict pleading requirements. See, e.g., York v. State, 432 So.2d 51 (Fla. 1983); Sparks v. State, 273 So.2d 74 (Fla. *309 1973). Double jeopardy safeguards are a part of both procedural rules, see, e.g., Florida Rule of Criminal Procedure 3.190(c)(2), and substantive law. Amend. V, U.S. Const.; art. I, § 9, Fla. Const.; Blockburger v. United States.
We therefore hold that failure to allege venue in an indictment or information is an error of form, not of substance and such a defect will not render the charging instrument void absent a showing of prejudice to the defendant. In so doing, we recede from Black.
Petitioner also raises the question of whether trial counsel's request for instructions on lesser-included offenses was an effective waiver of the statute of limitations defense against conviction for such time-barred offenses, so that the trial court erred in refusing to give the requested instructions. To address the issue, we must first determine whether a defendant may waive the statute of limitations defense. For the reasons so clearly and persuasively set forth by the Third District, we hold that the defense is a waivable one.
We also agree with the district court that the mere request for instructions on time-barred lesser-included offenses is not an effective waiver. Petitioner argues that under Ray v. State, 403 So.2d 956 (Fla. 1981), he would be estopped from later challenging a conviction on the basis of such a requested instruction. This may be so, but it misses the central concern of the courts.
The statute of limitations defense is an absolute protection against prosecution or conviction. Before allowing a defendant to divest himself of this protection, the court must be satisfied that the defendant himself, personally and not merely through his attorney, appreciates the nature of the right he is renouncing and is aware of the potential consequences of his decision. We agree with the state's position that an effective waiver may only be made after a determination on the record that the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant's benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute.
Granting a waiver on the bare request for instructions contained in the record before us would certainly fail to protect a defendant's best interests and might leave the conviction on otherwise time-barred offenses vulnerable to collateral attack.
Accordingly, the certified question is answered in the negative because we hold that failure to allege venue is not a fundamental defect in an indictment. We also approve the district court's ruling that the request for jury instructions on lesser-included but time-barred offenses did not effect a valid waiver of the statute of limitations defense and that therefore the trial court did not err in refusing to give such instructions.
It is so ordered.
ALDERMAN, McDONALD and SHAW, JJ., concur.
BOYD, C.J., concurs in part and dissents in part with an opinion.
ADKINS, J., dissents with an opinion.
OVERTON, J., dissents.
BOYD, Chief Justice, concurring in part and dissenting in part.
I concur with that portion of the majority opinion which holds that under the facts of this case, the failure of the indictment to allege facts indicating that venue was proper did not constitute a fundamental defect rendering the indictment fatally invalid and that therefore the lack of prejudice and the lack of a pre-trial objection combine to preclude appellate relief on the issue. I dissent, however, to that portion of the majority opinion which holds that the trial court was not obliged to instruct the jury on lesser included offenses.
I would hold that the trial court erred in refusing to instruct the jury on the elements of the less serious, included offenses *310 of first degree murder and that because of the error the petitioner is entitled to a new trial.
At the time of petitioner's trial, Florida Rule of Criminal Procedure 3.490 provided:
If the indictment or information charges an offense which is divided into degrees, without specifying the degree, the jurors may find the defendant guilty of any degree of the offense charged; if the indictment or information charges a particular degree the jurors may find the defendant guilty of the degree charged or of any lesser degree. The court shall in all such cases charge the jury as to the degrees of the offense.
Florida Rule of Criminal Procedure 3.510 at that time provided as follows:
Upon an indictment or information upon which the defendant is to be tried for any offense the jurors may convict the defendant of an attempt to commit such offense if such attempt is an offense or may convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
These two rules gave the petitioner the right to have the jury instructed on the less serious, included offenses of the crime charged. Under a long line of judicial precedent, the improper failure to follow these requirements must result in a new trial.[*] As recently as March, 1983, we again made it clear that reversible error results from the failure to recognize this important procedural safeguard. State v. Bruns, 429 So.2d 307 (Fla. 1983). See State v. Abreau, 363 So.2d 1063 (Fla. 1978); Lomax v. State, 345 So.2d 719 (Fla. 1977); Brown v. State, 206 So.2d 377 (Fla. 1968); Hand v. State, 199 So.2d 100 (Fla. 1967). Under Rules of Criminal Procedure 3.490 and 3.510, the court was required to instruct the jury on the lower degrees of unlawful homicide and any other necessarily included offenses that might have been applicable depending on the kinds of evidentiary questions the jury was called upon to resolve.
In State v. Bruns, 429 So.2d 307 (Fla. 1983), this Court said:
Whether the evidence is susceptible of inference by the jury that the defendant is guilty of a lesser offense than that charged is a critical evidentiary matter exclusively within the province of the jury. Lomax v. State, 345 So.2d 719 (Fla. 1977); Hand v. State, 199 So.2d 100 (Fla. 1967). Fundamental trial fairness requires that a defendant being tried for robbery should be permitted to have an instruction on a lesser-included offense upon timely request. 199 So.2d at 102-03.
Id. at 309-10. Fundamental fairness requires that one charged with first-degree murder receive the same protection. The purpose of the instructions when the evidence supports the existence of both the greater and lesser crimes is not, as the district court below opined, to allow a "jury pardon." The practice is followed because the determination of which crime the evidence shows is not the province of the judge but is that of the jury. State v. Terry, 336 So.2d 65 (Fla. 1976).
The fact that under the applicable criminal statute of limitations there could be no convictions on any of the less serious, included offenses should make absolutely no difference in deciding whether to afford the accused this fundamentally necessary protection. As every jury serving in the Florida courts is told, the responsibility of the judge is to determine the law and the responsibility of the jury is to determine the facts. "Thus, the province of the jury and the province of the court are well defined, and they do not overlap. This is one of the fundamental principles of our system of justice." Florida Standard Jury Instructions in Criminal Cases, Instruction *311 1.01 (1981). So, it is the function of the jury to decide whether the accused committed the criminal conduct charged, whether the conduct constituted commission of one of the applicable less serious offenses, or whether he is guilty of no crime at all. If the jury finds that the accused is guilty of an offense upon which the statutory limitations period has run, then the trial judge must of course rule that no conviction may be entered upon such a verdict and must therefore acquit and release the defendant. Such a ruling by the judge may properly be viewed as "a separate, legal matter with which the factfinder need have no concern." Holloway v. Florida, 449 U.S. 905, 908, 101 S.Ct. 281, 283, 66 L.Ed.2d 137 (1980) (Blackmun, J., joined by Brennan and Marshall, J.J., dissenting from denial of certiorari) (emphasis in original, footnote omitted), denying cert. to, Holloway v. State, 362 So.2d 333 (Fla. 3d DCA 1978), cert. denied, 379 So.2d 953 (Fla. 1980).
The jury need not and should not be told that the statute of limitations applicable to the less serious, included offenses has expired. To so instruct the jury might prejudice the right of the accused to a fair trial. Such knowledge might distract the jury from concentration on their fact-finding duties and might improperly cause them to find guilt on the highest charge, upon which the statute has not run, rather than returning a verdict for a lower offense proven by the evidence.
In Beck v. Alabama, 447 U.S. 625, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), the United States Supreme Court reversed a conviction for capital murder because the statutory procedure under which the conviction was obtained did not allow for instructions on lesser included offenses and under the evidence the jury might have believed the defendant was guilty only of the lesser included offense of felony murder. Without holding that such instructions are required by the due process clause, the Court reasoned that the prohibition on jury consideration of a lesser included offense supported by evidence created an enhanced risk of an unwarranted conviction which was intolerable in a death penalty case. Although the petitioner here is not under a sentence of death, it should be remembered that he was accused and convicted of a capital crime and that it was the jury verdict of guilt of first-degree murder that subjected petitioner to the possibility of being sentenced to death. The fact that petitioner was instead sentenced to life imprisonment without eligibility for parole for twenty-five years does not denigrate his fundamental interest in receiving the benefits of this important procedural safeguard. I would hold that such instructions on lesser included offenses are required not only by our criminal procedure rules but also by principles of due process.
In Keeble v. United States, 412 U.S. 205, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973), an Indian had been convicted in federal court of assault with intent to inflict injury under a statute giving federal courts jurisdiction over certain serious crimes committed by Indians on Indian reservations. The defendant claimed he was entitled to an instruction on a lesser included offense but the instruction was refused because the lesser offense was not among those covered by the limited statutory conferral of jurisdiction. (Therefore, presumably a verdict on the lesser offense would have been a nullity since the court had no power to enter judgment thereon). The United States Supreme Court held that the instruction should have been given. Although this ruling was grounded on a statutory directive that defendants in trials under the act were to have the same procedural rights as all other accused persons in the federal courts, the Court went on to say that to read the statute otherwise "would raise difficult constitutional questions." 412 U.S. at 213, 93 S.Ct. at 1998. The Court explained the importance of lesser included offense instructions as follows:
[I]f the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction  *312 in this context or any other  precisely because he should not be exposed to the substantial risk that the jury's practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly quilty of some offense, the jury is likely to resolve its doubt in favor of conviction. In the case before us, for example, an intent to commit serious bodily injury is a necessary element of the crime with which petitioner was charged, but not of the crime of simple assault. Since the nature of petitioner's intent was very much in dispute at trial, the jury could rationally have convicted him of simple assault if that option had been presented. But the jury was presented with only two options: convicting the defendant of assault with intent to commit great bodily injury, or acquitting him outright. We cannot say that the availability of a third option  convicting the defendant of simple assault  could not have resulted in a different verdict.
412 U.S. at 212-13, 93 S.Ct. at 1997-98.
In addition to the due process grounds discussed above, I believe that the refusal to instruct the jury on lesser included offenses because such lesser offenses were not subject to prosecution due to the statute of limitations was a violation of petitioner's right to equal protection of the laws. Petitioner was denied a procedural right widely agreed to be of substantial benefit to the criminally accused. Other persons accused of first-degree murder are routinely granted this procedural right. Thus it is clear that persons similarly situated are being treated differently. The only factor distinguishing the cases is the fact that in petitioner's case the lesser included offenses are not themselves viable offenses in the sense of being subject to prosecution. In the general field of criminal justice, courts should be especially sensitive to differential treatment of different categories of accused persons. See, e.g., Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). The denial of a valuable procedural right on the grounds relied upon here is an arbitrary discrimination and should not be allowed. Holloway v. State, 379 So.2d 953, 954-55 (Boyd, J., dissenting to denial of certiorari).
A number of authorities, including the authors of the majority, special concurring, and dissenting opinions in the district court below, have suggested resolution of the due process and equal protection problems presented by this case by allowing the instructions to be given when the accused waives the statute of limitations as a defense to conviction of one of the lesser included offenses should the jury return a verdict thereupon. Petitioner's counsel very ably argues that waiver of the expiration of the limitations period on the lesser included offenses should be permitted and that petitioner's request for the instructions was impliedly such a waiver. For several very important legal and policy reasons, I would hold that the accused need not tender such a waiver in order to claim the benefit of full instructions, and I dissent to the contrary suggestions in the majority opinion.
In the first place, the statute of limitations not only creates a right of the accused to be prosecuted within a time certain after the commission of the alleged crime, it also expresses a substantive policy of the state against the bringing of stale prosecutions. See Lane v. State, 337 So.2d 976 (Fla. 1976); State ex rel. Manucy v. Wadsworth, 293 So.2d 345 (Fla. 1974). Normally an accused is not placed in the position of having the choice of whether to waive the statute, because the statute simply provides that prosecutions after the expiration of a certain time shall not be brought. Thus the commencement of prosecution within the applicable time period measured from the commission of the crime is a jurisdictional fact which must appear on the face of the accusatory instrument. Mead v. State, 101 So.2d 373 (Fla. 1958). The burdens of pleading and proof are on the state. Lowe v. State, 154 Fla. 730, 19 So.2d 106 (1944).
*313 As was stated above, petitioner himself argues that the accused should be allowed to waive the statute of limitations in order to receive the benefit of instructions on lesser included offenses. Petitioner's counsel must of course argue for an outcome that may be the best his client can hope for in the situation even though it may not be best for the criminal justice system at large. I would hold that the instructions should be given without such a waiver and, indeed, that such a waiver cannot be effective. In Mitchell v. State, 157 Fla. 121, 25 So.2d 73 (1946), our Court dealt with this situation in the context of a legislative provision in the statute of criminal limitations and explained the danger inherent in the approach argued for by petitioner and suggested by the district court judges below. There the statute specifically provided, in capital cases commenced by indictment, for verdicts and convictions on lesser included offenses even though the limitations period might have run on such lesser offenses. The appellant was indicted for first-degree murder and convicted of second-degree murder after the statute of limitations for second-degree murder had expired. The Court held that this statute improperly ordained differential treatment of persons guilty of such lesser offenses depending on whether they were charged by indictment or information. To enforce the statute as written, the Court said, "would be tantamount to allowing the prosecuting officer to determine whether or not the statute of limitations should or should not be applicable." 157 Fla. at 125, 25 So.2d at 75. The Court explained as follows:
A jury has said this man is not guilty of murder in the first degree and, therefore, he is entitled to every benefit to which any one else can be entitled who is also only guilty of murder in the second degree. This right of equal protection may not be taken away by the State choosing to proceed with the prosecution by some method which will deprive him of the benefit of the statute of limitations while others guilty of the like offense may have the benefit of the statute of limitations because the State has chosen to proceed with the prosecution by a different method.
Mitchell v. State, 157 Fla. at 125-26, 25 So.2d at 75. If this Court at some future time holds that the accused must waive the statute of limitations in order to receive jury instructions on lesser included offenses, it will allow overzealous prosecutors in cases of second-degree murder and manslaughter upon which the statute has run to circumvent the statute of limitations by seeking indictments for first-degree murder and then forcing the accused to waive the statute of limitations defense.
For the foregoing reasons I believe we should overrule Blackmon v. State, 88 Fla. 188, 101 So. 319 (1924), and Perry v. State, 103 Fla. 580, 137 So. 798 (1931), and their progeny, including Spaziano v. State, 393 So.2d 1119 (Fla.), cert. denied, 454 U.S. 1037, 102 S.Ct. 581, 70 L.Ed.2d 484 (1981). Due process and equal protection are evolving concepts and the time has come to correct this defect in our criminal jurisprudence. I therefore dissent. I would reverse the conviction and remand for a new trial, with directions to the trial court to instruct the jury on all lesser included offenses as required by Florida Rules of Criminal Procedure 3.490 and 3.510.
ADKINS, Justice, dissenting.
I respectfully dissent.
The smoke of the battle in our fight on crime has blacked out constitutional rights causing this Court to swing the sword of justice so blindly that it cuts down some of these fundamental rights in its efforts to behead a criminal. State v. Black, 385 So.2d 1372 (Fla. 1980), is nearing the age of five years. The majority says the well established rule of law set forth in Black outlived its usefulness and should be discarded. I would safeguard this rule in an effort to protect one of the old fashioned constitutional rights our forefathers proudly gave us.
I adopt my opinion in State v. Black as the dissenting opinion in this case.
NOTES
[*] Florida Rules of Criminal Procedure 3.490 and 3.510 have been amended since the time of petitioner's trial. See In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981). Also, the categories of "lesser included offenses" have been modified. In the Matter of Use by Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla. 1981). But the essential principles upon which I rely remain unchanged as will be seen.