464 So.2d 1340 (1985)
Ronald Melvin SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. AY-63.
District Court of Appeal of Florida, First District.
March 15, 1985.
*1341 Michael E. Allen, Public Defender, and Michael J. Minerva, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
Appellant appeals his judgment of conviction for first degree murder. We affirm appellant's conviction and hold that (1) similar fact evidence of a prior crime was properly admitted and (2) the trial court's refusal to instruct the jury regarding time-barred lesser included offenses was proper.
Appellant, defendant in the proceedings before the trial court, was indicted on January 25, 1983, for a first degree murder occurring in 1975, by arsenic poisoning.
Subsequently, the State gave notice of its intention to offer similar fact evidence of an attempted murder occurring in November 1981 by arsenic poisoning. After the court denied appellant's motion in limine, appellant was tried by jury. Appellant's request that the jury be instructed on lesser included offenses barred by the statute of limitations was denied. The jury subsequently found appellant guilty of first degree murder, and pursuant to the jury's recommendation, the court imposed a life sentence.
Appellant first contends that the trial court erred in admitting the similar fact evidence of the prior crime. We disagree.
The general rule regarding similar fact evidence is that evidence of any facts relevant to a material fact in issue is inadmissible where the sole relevancy is to prove the accused's bad character or propensity. Section 90.404(2)(a), Florida Statutes (1983); Williams v. State, 110 So.2d 654 (Fla. 1959).
Such evidence must be relevant to prove a material fact in issue, such as plan, scheme or design, Williams, supra, intent, Dodson v. State, 334 So.2d 305 (Fla. 1st DCA 1976), cert. denied, 341 So.2d 1081 (Fla. 1977), or to rebut a defense or establish a pattern of criminality. Cotita v. State, 381 So.2d 1146 (Fla. 1st DCA 1980).
Such evidence is not admissible where the collateral crime is merely similar to the crime for which the defendant is on trial. Crammer v. State, 391 So.2d 803 (Fla. 2d DCA 1980). And, to be admissible, there must be something so unique or particularly unusual about the perpetrator or his modus operandi that it would tend to independently establish that he committed the crime charged. Green v. State, 427 So.2d 1036 (Fla. 3d DCA), pet. for rev. denied, 438 So.2d 834 (Fla. 1983).
In the instant case, we find that arsenic poisoning is a sufficiently unusual modus operandi to warrant the introduction of collateral crime evidence. Further, this evidence was relevant to rebut appellant's defense that the victim committed suicide, and was introduced to establish a pattern of criminality on the part of appellant. See Cotita, supra. Accordingly, we affirm on this point.
In the alternative, appellant contends that it was error for the trial court to refuse his request that the jury be instructed on time-barred lesser included offenses. Again, we must disagree.
In Tucker v. State, 459 So.2d 306 (Fla. 1984), the Florida Supreme Court held that a request for such instructions, without more, does not constitute a proper waiver of the statute of limitations, and upheld the trial court's denial of said request. The court held that:
an effective waiver may only be made after a determination on the record that the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant's benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute.
Granting a waiver on the bare request for instructions contained in the record before us would certainly fail to protect a defendant's best interests and might leave the conviction on otherwise time-barred *1342 offenses vulnerable to collateral attack.
Id. at 309.
As in Tucker, the appellant merely requested the time-barred instruction without any further indication that he wished to waive the statute of limitations. Inasmuch as Tucker directly controls, we affirm on this point as well.
Accordingly, appellant's conviction for first degree murder is AFFIRMED.
BOOTH, J., and TILLMAN PEARSON (Ret.), Associate Judge, concur.