501 So.2d 79 (1987)
Linda LOWE, Appellant,
v.
STATE of Florida, Appellee.
No. 86-944.
District Court of Appeal of Florida, Fifth District.
January 15, 1987.
Rena Fazio, Winter Park, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
Faced with an accusation of public assistance fraud, the defendant signed a written waiver of the statute of limitations on the possible criminal charge as a condition to participation in a pre-trial diversion program of the Orange County state attorney. Later, after the statute of limitations had run and the defendant had violated provisions of the diversion program, the State filed criminal charges. The defendant moved to dismiss the charges on the ground that the statute of limitations had run. At the hearing on that motion the State presented the defendant's written waiver. The court took testimony and found that the defendant knowingly, intelligently, and voluntarily executed the waiver, upheld the waiver, and denied the defendant's motion which asserted the statute of limitations. Reserving the issue for appeal the defendant pled nolo contendere.
On appeal the defendant claims that the statute of limitations is jurisdictional and cannot be waived and that, if waivable, the statute of limitations is a substantive right which cannot effectively be waived except with the advice and assistance of counsel, citing Tucker v. State, 459 So.2d 306 (Fla. 1984). In Florida, statutes of limitation on crimes do not limit the jurisdiction of courts to try criminal *80 charges. In the context of the trial of criminal charges concerning which the statute of limitations had run before the charges were filed, Tucker hold that a waiver of the accrued statute of limitations defense must be made by the defendant personally and not merely through his attorney. Accordingly, Tucker is not applicable to the situation here where the waiver was made, prospectively, by the accused before the statute of limitations had run and before criminal charges were filed and in order to induce the State to favorably consider the accused for a diversion program offered as an alternative to filing of criminal charges. Participation in a diversion program before criminal charges are filed is not a critical step in the prosecution of a criminal case at which an accused is entitled to be provided with counsel by either the federal or state constitutions.
AFFIRMED.
UPCHURCH, C.J., and ORFINGER, J., concur.