## STATE OF FLORIDA v WOLOWYCH
### Case No. 86-171 AC (County Court Case No. 99903,4 NQ)
Eleventh Judicial Circuit, Appellate Division, Dade County
May 21, 1987

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Luis M. Perez,** Assistant Attorney General, for appellant.

**Michael A. Cohen** for appellee.

Before HENDERSON, SALMON, ROBINSON, JJ.

### OPINION OF THE COURT

PER CURIAM.

The defendant was charged by citation with driving under the influence, to which charge he pled not guilty.

Prior to trial, the defendant moved to dismiss the charges on the ground that the citation did not allege venue thereby prejudicing him in the preparation of his defense. The trial court granted the Motion to Dismiss and this appeal followed.

This case is controlled by *Tucker v. State*, 459 So.2d 306 (Fla. 1984), a brief history of which is as follows.

In *State v. Black*, 383 So.2d 295 (Fla. 2d DCA 1980), the following certified question was submitted to the Supreme Court:

Is a grand jury indictment insufficient to sustain a conviction when it fails to specify the place where the crime allegedly occurred, even though this allegation is subsequently supplied by a bill of particulars, the defendant is not hindered in the preparation or presentation of his defense, and the situs of the crime is proven at trial?

In response to the certified question, the Supreme Court in *State v. Black*, 385 So.2d 1372 (Fla. 1980), declared:

We affirm the holding in *Rimes v. State* that the "defect is one of substance and not of form". 133 So.2d at 551. The question certified to us is hereby answered in the affirmative, and the decision of the district court of appeal is approved.

In *Tucker v. State*, 417 So.2d 1006 (Fla. 3d DCA 1982), this issue was revisited and the following question certified to the Supreme Court:

Is the error in the failure of an indictment to specify the place where the crime allegedly occurred so fundamental that it may be urged on appeal, though not properly presented at the trial court, where the defendant is not hindered in the preparation or presentation of his defense and the situs of the crime is proved at trial?

In *Tucker v. State*, 459 So.2d 306 (Fla. 1984), the Court receded from the holding in *Black* and answered the certified question thusly:

We therefore hold that failure to allege venue in an indictment or information is an error of form, not of substance and such a defect will not render the charging instrument void absent a showing of prejudice to the defendant. In so doing, we recede from *Black*.

We hold that a failure to allege venue in a charging document is an error of form, not of substance, and that no prejudice to the defendant was shown in this case. The Motion to Dismiss was called for hearing prior to setting the Motion for a Statement of Particulars for hearing.

the order of the trial court granting the Motion to Dismiss is reversed and the case is remanded for further proceedings.

It is so ordered.

ROBINSON, J. concurs in result only.