PER CURIAM.
The defect in the information was one of form, not substance. Because no risk of double jeopardy is present in the instant case and because the defendant has failed to demonstrate that 'he was prejudiced in any way as a result of the defect, the charging document is not rendered void as a result of the defect. Tucker v. State, 459 So.2d 306 (Fla.1984). Therefore, we find that the circuit court, appellate division, departed from the essential requirements of law by reversing the defendant’s conviction based on the defect in the information. Accordingly, we grant the State’s petition and quash the portion *1085 of the circuit court’s opinion that holds otherwise.
The point raised m the defendant s cross-petition for writ of certiorari lacks merit. The circuit court, appellate division, correctly found that section 790.06(12), Florida Statutes (1995), is not a specific intent crime although the language of the statute includes the word “intentionally.” See Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983), approved, 476 So.2d 1262 (Fla.1985).
The remaining point raised by the State in its petition is moot as a result of our disposition.
Petition granted; decision of the circuit court quashed in part; cross-petition denied; and conviction reinstated.