GROSS, J.
Because we hold that appellant and his mother executed a general waiver of speedy trial, we affirm the disposition of this case and reject appellant’s claim that the speedy trial time had expired.
B.W. was taken into custody on July 26, 2001 for battery on a school employee. So that B.W. could participate in a diversion program, he and his mother signed a document entitled “WAIVER OF SPEEDY TRIAL” on September 7, 2001. The document was provided by the Teen Court program in Broward County.
The waiver document contained three paragraphs on one page. It said that ap *1267 pellant had the right to a trial within ninety (90) days from the date of [his] arrest.” The form stated that in return for being “considered for participation in [a diversion] program, I HEREBY WAIVE MY RIGHT TO A SPEEDY TRIAL within ninety (90) days.” The form indicated: “I UNDERSTAND THAT IF I DO NOT SUCCESSFULLY COMPLETE THE APPLICABLE PROGRAM TO WHICH I AM ASSIGNED, THE PENDING CHARGES MAY BE FILED AGAINST ME AND I MAY BE BROUGHT TO TRIAL.”
B.W. decided on September 17, 2001 not to participate in the diversion program, so the state filed a petition for delinquency. After his July 2, 2002 arraignment, B.W. filed a motion to dismiss the charges, claiming that the speedy trial period had expired. He argued that the waiver of speedy trial should be considered only for the ten-day period from the time he executed the waiver until the day he decided not to participate in the diversion program.
The trial court denied the motion to dismiss, and after a non-jury trial found B.W. guilty of battery. The court withheld adjudication of delinquency and gave B.W. a stern judicial warning.
The Florida Rules of Juvenile Procedure contemplate that a juvenile may execute a waiver of speedy trial. As it applied to this case, rule 8.090(a)(1) required B.W. to be brought to an adjudicatory hearing within ninety days of the date he was taken into custody. Rule 8.090(f)(1) provides that the speedy trial' time may be extended “[u]pon stipulation ... signed by the child....” In circumstances similar to this case, rule 8.075(b), which applies after the filing of a petition, contemplates that a plan for a diversion program be signed by the child, the parents (unless excused by the court), and the child’s counsel, when represented. Rule 8.075(b)(2) requires a diversion plan to contain a stipulation that the speedy trial rule is waived.”
The WAIVER OF SPEEDY TRIAL document signed by B.W. and his mother was a stipulation within the meaning of rule 8.090(f)(1). It effected a general waiver of B.W.’s speedy trial rights. B.W. did not seek to awaken a speedy trial right by filing a demand under rule 8.090(g). The trial court correctly denied the motion to. dismiss.
This case is distinguishable from S.D. v. State, 409 So.2d 1118 (Fla. 2d DCA 1982). In that case, the juvenile executed not a general, but only a limited, waiver of speedy trial. The second district reached this conclusion by focusing on the form signed by the juvenile, which declared that speedy trial rights were “suspended” and stated: “I agree to give up the right to speedy trial ... for the period that I am officially enrolled in the program.” Id. at 1119. The waiver in this case contained no such language limiting the scope of the waiver.
GUNTHER and KLEIN, JJ., concur.