PER CURIAM.
On December 28, 2001, M.B. was taken into custody for returning to a Muvico theater after having been asked to leave the premises for causing a disturbance. On February 14, 2002, M.B. signed a general waiver of his speedy trial rights to be considered for a diversionary program. Five months later, M.B. was terminated from the program. Thereafter, on August 6, 2002, the state filed a delinquency petition charging him with trespass after warning.
After several unsuccessful service attempts, M.B. was finally served with summons on December 4, 2002 and arraigned on December 19, 2002. M.B. moved to dismiss the charges based on the expiration of the speedy trial period. At the *1032 hearing on the motion, the state presented the child’s written waiver. After hearing argument of counsel, the trial court granted the motion to dismiss. The state appealed.
We conclude that the trial court erred in granting the motion to dismiss, because the child waived his right to a speedy trial and never thereafter awakened his speedy trial rights by filing a demand under rule 8.090(g). See B.W. v. State, 855 So.2d 1266 (Fla. 4th DCA 2003)(holding that once speedy trial has been waived, the child must file a demand under rule 8.090(g) to once again awaken his speedy trial rights).
We reject M.B.’s argument that his waiver of speedy trial was a nullity because it was executed without benefit of counsel. The child was not entitled to be provided with counsel at this stage in the proceedings. See Lowe v. State, 501 So.2d 79 (Fla. 5th DCA 1987)(holding that participation in a diversion program before criminal charges are filed is not a critical step in the prosecution of a criminal case at which an accused is entitled to be provided with counsel under either the federal or state constitution).
REVERSED and REMANDED for further proceedings.
POLEN, TAYLOR and MAY, JJ., concur.