976 So.2d 1169 (2008)
George REYES, Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-1611.
District Court of Appeal of Florida, First District.
March 18, 2008.
Nancy A. Daniels, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, Giselle Lylen Rivera, Assistant Attorney General and Donna A. Gerace, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
George Reyes appeals his conviction for aggravated assault on his former wife, with a firearm but without intent to kill, in violation of sections 784.021(1)(a) and 775.087(2)(a)(1.), Florida Statutes (2006). We reverse. The trial court erred in allowing evidence concerning sexual escapades with other people outside the country at some unspecified time.[1] The State did not establish that admission of this irrelevant evidence was harmless beyond a reasonable doubt.
The trial court abused its discretion in allowing irrelevant evidence over appellant's repeated objections. See Lewis v. State, 754 So.2d 897, 901 (Fla. 1st DCA 2000). Evidence regarding appellant's earlier conduct in another jurisdiction was apparently intended to "inflame[ ] the jury or appeal[ ] improperly to the jury's emotions," and should have been excluded. Steverson v. State, 695 So.2d 687, 688-89 (Fla.1997) (quoting C. Ehrhardt, Florida Evidence § 403.1 at 100-03 (2d ed. 1984)). *1171 Jurors might understandably take a dim view of such conduct, and hold it against a defendant standing trial on unrelated charges. Even the most conscientious juror could find tales of cavorting with prostitutes in foreign climes a distraction.
By motion in limine, Mr. Reyes sought to foreclose evidence of any activities abroad with prostitutes, on grounds such evidence did not tend to prove him guilty of threatening his former wife with a gun in Pensacola on September 28, 2006. The trial court rejected the argument that this evidence was irrelevant and highly prejudicial, agreeing with the State that the jury needed to hear the evidence in order to understand fully the nature of the relationship between appellant and his ex-wife, the alleged assault victim. The trial court denied the motion in limine, overruled trial objections, and later denied a motion for new trial that argued, among other things, that the trial court had erred by admitting irrelevant and prejudicial evidence.
The State's evidence of conduct antedating the alleged assault by days, weeks, months or possibly years neither tended to prove nor to disprove any material fact in issue. It therefore failed to meet the threshold test of admissibilityrelevancy.[2]See Johnson v. State, 130 So.2d 599, 600 (Fla.1961) (observing that "[t]he test of admissibility is relevancy" and "[t]he test of inadmissibility is lack of relevancy"); see also §§ 90.401-90.402, Fla. Stat. (2007). While the State argues the evidence was relevant "to prove Appellant's motive and to assist the jury in understanding the context in which the crime occurred," the disputed evidence does not, in law or logic, tend to prove a motive to commit the alleged assault or any other material fact. It tends rather to show nothing more than bad character. See Smith v. State, 464 So.2d 1340, 1341 (Fla. 1st DCA 1985) (observing that, in general, evidence whose "sole relevancy is to prove the accused's bad character or propensity" is inadmissible); see also § 90.404, Fla. Stat. (2007).
Not only did the jury hear highly prejudicial evidence of irrelevant conduct at another time and place, the prosecutor referred to the alleged misconduct during both opening statement and closing argument. As the beneficiary of the trial court's error, the State has the burden to "prove beyond a reasonable doubt that the error complained of did not contribute to the verdict," in order to avoid reversal of appellant's conviction. State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). The State has not carried that burden here. A reviewing court cannot lawfully "substitute[ ] itself for the jury, examine[ ] the permissible evidence, exclude[ ] the impermissible evidence, and determine[] that the evidence of guilt is sufficient or even overwhelming based on the permissible evidence." Id. at 1136. The State did not prove the absence of any reasonable possibility that the trial court's error contributed to appellant's conviction. See id. at 1135. We cannot conclude, upon examination of this record, that the trial court's error was harmless. Accordingly, we reverse *1172 the conviction and remand for a new trial.
Reversed and remanded.
WEBSTER, J., concurs; POLSTON, J., dissents with opinion.
POLSTON, J., dissenting.
I respectfully dissent because the trial court did not abuse its discretion in admitting the evidence relating to appellant's sexual escapades while in a relationship with the victim. The trial court admitted the evidence on the basis of the State's argument that the evidence described the "open" relationship between the victim and appellant, thereby describing the context of the crime. See Valdes v. State, 930 So.2d 682, 684 (Fla. 3d DCA 2006) (ruling that the trial court did not abuse its discretion in permitting the former wife to testify regarding defendant's domestic violence in case brought against him for sexual abuse against his stepdaughters; the testimony placed the relationship between the defendant and the stepdaughters into context, and explained the delay for the minors reporting the abuse); Smiley v. State, 704 So.2d 191, 194 (Fla. 1st DCA 1997) (ruling that the trial court did not abuse its discretion in allowing evidence of a prior physical incident as relevant to suggest the full context of the charged crime and motive); C. Ehrhardt, Florida Evidence, § 404.17 n. 6 at 263-64 (2007 Edition) (noting that the Florida Supreme Court has allowed evidence to show general context in which criminal action occurred, collecting cases).
The crime arose out of the relationship between the victim and appellant. The evidence describing their relationship was not unfairly prejudicial. Keeping this information from the jury would give it a false context of how the criminal action occurred.
NOTES
[1] Appellant also argues that the trial court erred in instructing the jury that it could not simultaneously convict him of improper exhibition of a firearm and of assault, both lesser-included offenses that appeared on the verdict form. See Gregory v. State, 937 So.2d 180, 183 (Fla. 4th DCA 2006); Giangrasso v. State, 793 So.2d 71, 73 (Fla. 4th DCA 2001). We do not address the merits of this argument because appellant failed to preserve the issue by timely objection in the trial court.
[2] A trial court must exclude even relevant evidence when the danger of unfair prejudice its admission poses substantially outweighs any probative value the evidence has. See McDuffie v. State, 970 So.2d 312, 326-27 (Fla. 2007); Sliney v. State, 944 So.2d 270, 286 (Fla.2006) ("Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.") (quoting § 90.403, Fla. Stat. (2007)). Evidence that has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one" is unfairly prejudicial. McDuffie, 970 So.2d at 327 (quoting Brown v. State, 719 So.2d 882, 885 (Fla. 1998)).