STEVENSON, J.,
dissenting.
I believe that the defendant was entitled to have the jury instructed on the lesser-included offenses of the charged armed sexual battery and would reverse and remand for a new trial.
In Florida, the law has long recognized that criminal defendants have a right to waive a statute of limitations defense. See, e.g., Tucker v. State, 459 So.2d 306, 309 (Fla.1984) (holding statute of limitations defense may be waived by defendant and approving rationale of underlying Third District opinion, which extended right to all defendants); Spaziano v. State, 393 So.2d 1119, 1122 (Fla.1981) (rejecting defendant’s argument that he could not be *924 forced to choose between waiving statute of limitations defense as to lesser-included offenses and having jury instructed on lesser-included offenses); State v. Robbins, 780 So.2d 89, 91 (Fla. 2d DCA 2000) (citing Tucker and holding that, by entering no contest plea, defendant waived statute of limitations defense); Lowe v. State, 501 So.2d 79, 80 (Fla. 5th DCA 1987) (recognizing statute of limitations defense may be waived by defendant). The majority recognizes this, but follows Rembert v. State, 476 So.2d 721 (Fla. 1st DCA 1985), in concluding that it is somehow contrary to the public policy reasons motivating enactment of the statute — the protection of those accused of a crime from delayed and untimely prosecution — to permit a defendant to assert a statute of limitations defense as to one charge, but then waive it as to a separate charge that arose from the same criminal episode. Respectfully, I disagree.
Both the United States Supreme Court and the Supreme Court of Florida have concluded that the failure to instruct the jury on a lesser-included offense, thus forcing the jury to choose between conviction for the greater crime and an outright acquittal, creates an enhanced risk of conviction for the criminal defendant:
At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged. This rule originally developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged. See 2 C. Wright, Federal Practice and Procedure § 515, n. 54 (1969). But it has long been recognized that it can also be beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal. As Mr. Justice BRENNAN explained in his opinion for the Court in Keeble v. United States, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844, providing the jury with the “third option” of convicting on a lesser included offense ensures that the jury will accord the defendant the full benefit of the reasonable-doubt standard:
“Moreover, it is no answer to petitioner’s demand for a jury instruction on a lesser offense to argue that a defendant may be better off without such an instruction. True, if the prosecution has not established beyond a reasonable doubt every element of the offense charged, and if no lesser offense instruction is offered, the jury must, as a theoretical matter, return a verdict of acquittal. But a defendant is entitled to a lesser offense instruction-in this context or any other-precisely because he should not be exposed to the substantial risk that the jury’s practice will diverge from theory. Where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the jury is likely to resolve its doubts in favor of conviction.”
Beck v. Alabama, 447 U.S. 625, 633-34, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980) (quoting Keeble v. United States, 412 U.S. 205, 212-13, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973)) (emphasis added) (footnote omitted); see also Eaddy v. State, 638 So.2d 22, 25 (Fla.1994) (recognizing that this “Hob-son’s choice” creates enhanced risk of conviction for defendant and holding that, in a death penalty case, defendant was entitled to have jury instructed on lesser-included offenses of first-degree murder charge, despite his having asserted a statute of limitations defense to obtain dismissal of armed robbery charge).
*925 The fact that the instant case is not a capital case, like Beck or Eaddy, does nothing to diminish the enhanced risk of conviction created by the failure to instruct on lesser-included offenses. The same principle which would allow the defendant to waive the statute of limitations defense as to some charges but not to others in a capital case should apply equally to the charges in this case, which is a life felony. Neither the majority nor the court in Rembert articulate a persuasive reason why “public policy” is contravened by allowing the defendant to assert a statute of limitations defense as to one charge but then waive it as to another which arose from the same criminal episode.
Moreover, while the State suggests it is somehow contrary to public policy to permit the defendant to assert the defense as to one offense and waive it as to another, in this case, the State bears some responsibility for this incongruity. The crimes at issue took place in May of 1996. The State did not file an information charging the defendant with the crimes until April of 2008 — nearly thirteen years after the commission of the crimes. Armed burglary is a first-degree felony governed by a four-year statute of limitations. See § 775.15(2)(a), Fla. Stat. Yet, despite the fact that the statute of limitations had long since run, the State made the decision to charge the defendant with the armed burglary. And, when the defendant moved to dismiss the armed burglary charge on statute of limitations grounds, the State agreed the charge was properly dismissed. Thus, any inconsistency in the defendant’s assertion of his statute of limitation defenses was created by the State’s decision to charge an offense well-beyond the running of the statute of limitations.
The majority writes that it would also affirm defendant’s conviction for the life felony because the personal, on-the-record inquiry mandated by our supreme court in Tucker v. State, 459 So.2d 306, 309 (Fla.1984), did not take place. I disagree with that conclusion as well. During trial, the court and counsel spent much time discussing the statute of limitations issue and the requirements of Tucker. The absence of the personal, on-the-record waiver is the product of the trial court’s ruling that, regardless of the defendant’s willingness to waive his statute of limitations defenses, as a matter of law, he would not be allowed to do so. In renewing his objection to the trial court’s ruling on the issue, defense counsel represented that he was offering the defendant’s waiver of the statute of limitations defense as to each of the lesser-included offenses for armed sexual battery.[2] Under these circumstances, there was no need for defense counsel to insist upon an on-the-record inquiry that the court had already ruled would be pointless. Cf. State v. Heathcoat, 442 So.2d 955, 957 (Fla.1983) (holding defendant did not waive objection to court’s ruling refusing to give intoxication jury instruction by failing to renew objection where judge had made it clear he would not give the instruction and further objection would have been pointless).
While not a “constitutional” right, the right to waive the statute of limitations defense on lesser-included offenses is one well-recognized in Florida law and it was error, and an abuse of discretion, for the trial court to refuse the waiver in the *926 instant case. I would reverse and remand for a new trial.

. "The Court: Okay. And as to each of them [the four requested lesser-included instructions for armed sexual battery], you would make the same argument. And offer your client's waiver of statute of limitations as to each of these four?
Defense counsel: That’s correct.” Trial Tr. vol. 7, 978, Nov. 3, 2009 (emphasis added).