PER CURIAM.
Affirmed. See Tucker v. State, 459 So.2d 306, 309 (Fla. 1984) (“We therefore hold that failure to allege venue in an indictment or information is an error of form, not of substance and such a defect will not render the charging instrument void absent a showing of prejudice to the defendant.”); Connolly v. State, 172 So.3d 893, 902 (Fla. 3d DCA 2015) (en banc) (“The case law is clear: The failure to object to a technical deficiency in the charging document constitutes a waiver, and the time to raise a challenge to the charging document is prior to the jury’s verdict so the deficiency can be cured, not after the verdict is rendered.”); Fernandez-Tellez v. State, 89 So.3d 1070, 1070-71 (Fla. 3d DCA 2012) (“[A] motion for postconviction relief will not be considered if filed more than two years after the judgment and sentence become final, subject to exceptions for newly-discovered evidence, retroactive application of a fundamental constitutional right, or failure of retained counsel to file a timely postconviction motion”).