476 So.2d 721 (1985)
Johnny Lee REMBERT, Appellant,
v.
STATE of Florida, Appellee.
No. BA-6.
District Court of Appeal of Florida, First District.
September 18, 1985.
Rehearing Denied November 1, 1985.
Michael E. Allen, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
PEARSON, TILLMAN (Ret.), Associate Judge.
Appellant Johnny Lee Rembert was indicted for first-degree premeditated or felony murder and attempted robbery, both with a firearm. The criminal acts with which Rembert was charged occurred on June 25, 1976. However, the indictment was not filed until September 27, 1983. Rembert's motion for dismissal of the attempted armed robbery charge on the ground that the statute of limitations had run was granted. The cause proceeded to trial on the charge of first degree murder. After the jury had been selected, Rembert's attorney presented a waiver of the statute of limitations, signed only by him, as to the lesser-included offenses of first degree murder. Rembert's attorney stated that the purpose of the waiver was so the jury could be instructed on the lesser-included offenses. The trial court refused to honor the waiver. During the charge conference, the request by Rembert's attorney for instructions on the lesser-included offenses on the basis of the waiver was denied. The jury, having been instructed on first degree premeditated murder and first degree felony murder, found Rembert guilty of first degree felony murder.
The issue on this appeal is whether it was prejudicial error for the trial court to refuse to recognize the attempted waiver of the statute of limitations as to the lesser-included offenses of first degree murder *722 and to refuse to instruct the jury on those lesser offenses.
A defendant's right to waive the statute of limitations for lesser-included offenses has been recognized by the Florida Supreme Court. See Sturdivan v. State, 419 So.2d 300 (Fla. 1982). In Tucker v. State, 459 So.2d 306 (Fla. 1984), the court held that granting the waiver on a bare request for instructions contained in the record would fail to protect a defendant's best interests and might leave the conviction on otherwise time-barred offenses vulnerable to collateral attack. The test for the effectiveness of a waiver of the statute of limitations defense was set out as follows (459 So.2d at 309):
The statute of limitations defense is an absolute protection against prosecution or conviction. Before allowing a defendant to divest himself of this protection, the court must be satisfied that the defendant himself, personally and not merely through his attorney, appreciates the nature of the right he is renouncing and is aware of the potential consequences of his decision. We agree with the state's position that an effective waiver may only be made after a determination on the record that the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant's benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of statute.
The record before us is as devoid of any of the assurances that Rembert participated in the proposed trial maneuver as was the record in Tucker. Rembert's attorney did produce a written waiver which recited some Tucker requirements.[1] However, it still left open, under Tucker, the possibility that, had Rembert been found guilty of a lesser-included offense of first degree murder, he could not have been properly convicted and sentenced for such a crime.
It has been held that the burden of proving that an offense is within the statute of limitations is on the State. State v. King, 275 So.2d 274 (Fla. 3d DCA), affirmed, 282 So.2d 162 (Fla. 1973). Thus, the burden of proving a proper waiver of the statute of limitations is on the defendant. This holding is consistent with the holding in Tucker that a request for the instructions on lesser-included offenses is insufficient.
We are impressed with another of Tucker's requirements for an effective waiver, which is that the record must show that "the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute." The public policy reasons motivating the enactment of the statute must be those which protect a defendant from prosecution on a charge where the means of defense are hampered by the elapse of time. See State v. King. In the present case, Rembert has secured for himself this protection by his successful motion to dismiss the robbery count. He now seeks, on another charge which is a part of the same criminal transaction, to secure a contradictory advantage, i.e., that the elapse of time should be disregarded for offenses included in the same criminal episode. To permit such "on again, off again" pleading and waiver of the statute of limitations would, in our opinion, contravene the public policy reasons motivating the statute.
We conclude that the attempted waiver of the statute of limitations for the lesser-included offenses by Rembert's attorney did not meet the requirements for a valid *723 waiver of the benefits of the statute of limitations.
AFFIRMED.
MILLS, J., concurs.
NIMMONS, J., specially concurs with written opinion.
NIMMONS, Judge, concurring.
Why does the defense work so hard to force the state to charge the defendant with these lesser offenses on which the period of limitations has run? After all, most normal thinking people would assume that a defendant who professes innocence of the crime charged would be foolish to ask to be placed in jeopardy for other felony offenses on which the limitations period has run. Of course, the explanation is that the jury might be more inclined to confer upon the defendant a "jury pardon" to the extent of a conviction of a lesser felony than to confer a "full pardon" of not guilty. The "jury pardon" notion is already enough of an aberration in our criminal justice system without allowing it to further pervert the system in the bizarre way urged by the defense.
NOTES
[1] Written waiver of appellant:

The defendant, Johnnie Lee Rembert, by and through his undersigned attorney, believes that the criminal statute of limitations no longer works to his advantage and hereby waives such statute. This waiver is given with the knowledge that without the waiver of statute of limitations, the Court would not be able to instruct the Jury on any offenses except as to the offense alledged [sic] in the Indictment. This waiver is given knowingly, intelligently and voluntarily and the defendant, Johnnie Lee Rembert, intends to be bound by it.