**Johnny Lee REMBERT,
Petitioner–Appellant,**

v.

**Richard L. DUGGER, et al.,
Respondents–Appellees.**

**No. 86–3535.**

United States Court of Appeals,
Eleventh Circuit.

April 15, 1988.

John Newton, Tallahassee, Fla., for petitioner-appellant.

Patricia Conners, Edward C. Hill, Jr., Asst. Attys. Gen., Tallahassee, Fla., for respondents-appellees.

Before HILL and JOHNSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

JOHNSON, Circuit Judge:

Johnny Lee Rembert, a Florida prisoner, alleges constitutional error in the state trial court's refusal to instruct the jury on the lesser offenses included in his first degree murder charge. The district court denied habeas corpus relief and we affirm.

Rembert was indicted on September 27, 1983, for first degree murder and for attempted armed robbery committed on June 25, 1976. The trial court granted Rembert's motion to dismiss the armed robbery count as barred by the statute of limitations.[1] Three times during his trial, Rembert waived the statute of limitations for the lesser included offenses of his first degree murder charge. The court, however, persisted in not accepting the waivers and, accordingly, did not instruct the jury on the lesser included offenses as barred by the applicable statute of limitations.[2] Instead, the jury was instructed only as to first degree premeditated murder and first degree felony murder. The jury convicted Rembert of first degree felony murder with a recommendation of a life sentence, which recommendation the judge followed.[3]

The effectiveness of a waiver is a matter of state law. On direct appeal, the Florida Supreme Court held that Rembert had not met the procedural requirements for a knowing waiver as prescribed by *Tucker v. State*, 459 So.2d 306 (Fla.1984). *Rembert v. State*, 476 So.2d 721 (Fla. DCA 1985). The right to lesser included offense instructions in capital cases is, however, a matter of federal constitutional law. *Beck v. Alabama*, 447 U.S. 625, 100 S.Ct. 2382,

1. In Florida, robbery has a four year statute of limitations. Fla.Stat.Ann. § 775.15(2)(a) (West 1976). First degree murder has no statute of limitations. Fla.Stat.Ann. § 775.15(1) (West 1976). The lesser included offenses of first degree murder have a two year statute of limitations. *Id.*, *Mitchell v. State*, 157 Fla. 121, 25 So.2d 73 (1946).

2. Florida has several categories of murder, including first degree premeditated murder, Fla.Stat.Ann. § 782.04(1)(a)(1) (West Supp.1987); first degree felony murder, *id.* at § 782.04(1)(a)(2); second degree depraved mind murder, *id.* at § 782.04(2); and second degree felony murder, *id.* at § 782.04(3). Under Flor-

ida law, a jury considering a first degree murder charge must be instructed on second degree murder, *State v. Abreau*, 363 So.2d 1063 (Fla. 1978), except where the statute of limitations has run on the lesser included offense, *Holloway v. State*, 362 So.2d 333 (Fla.App.1978), *cert. denied*, 379 So.2d 953 (Fla.); *cert. denied*, 449 U.S. 905, 101 S.Ct. 281, 66 L.Ed.2d 137 (1980).

3. First degree murder in Florida is punishable by death or life imprisonment with no possibility of parole for twenty-five years. Fla.Stat.Ann. § 775.082(1) (West 1976). Rembert's co-defendants pled guilty to second degree murder.

65 L.Ed.2d 392 (1980). Because the lesser included offense instructions requested by Rembert in his capital trial were contingent on the acceptability of his repeated attempted waivers, we find the two issues inextricably linked and subject to federal review.

■ Due process requires that a defendant in a capital case receive instructions on lesser included offenses. *Beck v. Alabama,* 447 U.S. at 638, 100 S.Ct. at 2390, held that "if the unavailability of a lesser included offense instruction enhances the risk of an unwarranted conviction, Alabama is constitutionally prohibited from withdrawing that option from the jury in a capital case." In this case, the State of Florida sought the death penalty for Rembert. The jury opted instead to give Rembert a life sentence. The jury, however, did not have before it the "third option" of convicting and sentencing Rembert for a lesser included offense of first degree murder. 447 U.S. at 637, 100 S.Ct. at 2389.

In *Beck,* the Supreme Court's concern was singularly with the need to safeguard against the arbitrary and capricious imposition of death sentences. 447 U.S. at 637–38, 100 S.Ct. at 2389–90; *see also Spaziano v. Florida,* 468 U.S. 447, 454–57, 104 S.Ct. 3154, 3158–61, 82 L.Ed.2d 340 (1984). The Court explicitly left open whether due process required jury instructions on lesser included offenses in noncapital cases. 447 U.S. at 638 n. 14, 100 S.Ct. at 2390 n. 14. In *Perry v. Smith,* 810 F.2d 1078 (11th Cir.1987), this Circuit answered that question in the negative by holding that jury instructions on lesser included offenses are not constitutionally required in noncapital cases.

This distinction as to due process requirements necessitates us to decide whether this case is a capital or noncapital case. Based on the way the counts were brought, tried, and charged, Rembert maintains that this is a capital case; based on the sentence imposed, the State maintains that this is a noncapital case. We have found no case in which the *Beck* principle has been applied when a defendant has received a life sentence on a capital conviction.

■ *Beck* is unequivocal in setting forth the requirement that as long as there is a possibility of a death sentence, a defendant has a constitutional right to the relevant lesser included instructions. The only times a court is not required to instruct the jury on all lesser included offenses are when the case is noncapital, *Perry,* 810 F.2d at 1080, or when the defendant does not waive the statute of limitations, *Spaziano,* 468 U.S. at 457, 104 S.Ct. at 3160. Rembert repeatedly sought to waive the applicable statute of limitations through his appointed counsel. Each time Rembert attempted to have the jury receive the additional instructions, Rembert faced capital conviction and sentencing. It is clear that the trial court erred in not accepting Rembert's waiver of the applicable statute of limitations.

■ The constitutional violation must, however, be assessed in light of the trial court's imposition of a life sentence. When Rembert received a life sentence, the concern that gave rise to the right was eliminated. The danger of an unwarranted death sentence ended when Rembert was given life. The constitutional error by the state trial judge in this case in failing to instruct the jury concerning lesser included offenses was rendered harmless by the jury's imposition of a life sentence.[4]

We conclude that this hybrid case does not give rise to habeas relief at this post-sentencing juncture. The district court's denial of Rembert's petition for a writ of habeas corpus is

AFFIRMED.

---

4. Because of our holding in this case, we need not consider the issue of whether there were any lesser included offenses for which jury instructions should have been given. *Hill v. Kemp,* 833 F.2d 927, 929 (11th Cir.1987).