DAUKSCH, J.
This is an appeal from a capital sexual battery conviction.
Appellant asserts as error the trial court’s refusal to give jury instructions regarding specific lesser included offenses. The judge refused to give those instructions because appellant could not be convicted of them because the statute of limitations had *647 run on those crimes. Appellant did not waive his right under the statute of limitations and now says it was up to the judge to tell him he could have the instructions read to the jury if he would give up his right. A defendant has the burden of proving a proper waiver of the statute of limitations. See Rembert v. State, 476 So.2d 721 (Fla. 1st DCA 1985). During the trial and previously appellant objected to any reference to acts which took place after the expiration of the statute of limitations and never gave any indication that he wanted to do anything but to have his right under the statute. See Eaddy v. State, 638 So.2d 22 (Fla.1994) (a defendant’s mere request for jury instructions on time-barred lesser included offenses is not an effective waiver of the statute of limitations defense); Tucker v. State, 459 So.2d 306 (Fla.1984) (same). Perhaps appellant may seek relief under Florida Rule of Criminal Procedure 3.850 but no error occurred which can be attributed to the trial judge. We find no reversible error regarding the other points on appeal.
AFFIRMED.
W. SHARP and GOSHORN, JJ., concur.