PER CURIAM.
Based upon a DNA match in 2008, the state prosecuted appellant for an armed sexual battery and armed burglary which occurred in 1996. The statute of limitations barred the burglary conviction, but appellant was convicted of armed sexual battery. Appellant claims that the trial court erred in refusing to allow him to waive his statute of limitations defense as to the lesser-included offenses for armed sexual battery. Had the trial court accepted the defendant’s waiver, the jury could have been instructed on the lesser-included offenses of sexual battery, attempted sexual battery, aggravated assault, and battery. Because the defendant asserted a statute of limitations defense and succeeded in having the burglary charges dismissed, we agree with the trial court that the defendant cannot selectively waive his statute of limitations defense as to the charges arising out of the criminal episode. We thus affirm.
On May 15, 1996, S.G. was sexually assaulted in her home by an intruder armed with a knife. It was not until 2008 that the defendant became a suspect. In April 2008, after the defendant’s DNA was determined to be a match to that found at the scene of the crime in 1996, the defendant was charged with sexual battery while armed with a knife, a life felony, and burglary while armed. The defendant obtained the dismissal of the burglary charge based upon the running of the statute of limitations. At his subsequent trial on the armed sexual battery charge, the defendant sought to waive his statute of limitations defenses as to the lesser-included offenses for the armed sexual battery so as to be entitled to have the jury instructed on these lesser offenses. The trial court refused to accept the waiver, reasoning that, having successfully asserted a statute of limitations defense to obtain the dis *921 missal of the one charge, the defendant could not now waive his statute of limitations defense as to the lesser-included offenses of the other charge. The jury found the defendant guilty of the only offense put before it — armed sexual battery. The defendant insists that the trial court’s refusal to permit him to waive his statute of limitations defense so as to entitle him to have the jury instructed on the lesser-included offenses of armed sexual battery was error.
Jury instructions on lesser-included offenses have “long been recognized ... [as] beneficial to the defendant because it affords the jury a less drastic alternative than the choice between conviction of the offense charged and acquittal,” thus “ensuring] that the jury will accord the defendant the full benefit of the reasonable-doubt standard.” Beck v. Alabama, 447 U.S. 625, 633-34, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980). A trial court must instruct on necessarily lesser-included offenses and permissive lesser-included offenses when supported by the evidence at trial. State v. Wimberly, 498 So.2d 929, 932 (Fla.1986). Where, however, lesser-included offenses are barred by the statute of limitations, the trial court does not err by refusing to instruct the jury on those lesser offenses. See Spaziano v. State, 393 So.2d 1119, 1122 (Fla.1981). Nonetheless, a defendant may affirmatively waive his statute of limitations defense to lesser-included offenses, although a mere request for time-barred lesser is insufficient to create a waiver. See Tucker v. State, 459 So.2d 306, 309 (Fla.1984). Tucker teaches that a waiver may be effective upon an on-record showing of three elements: “the waiver was knowingly, intelligently and voluntarily made; the waiver was made for the defendant’s benefit and after consultation with counsel; and the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute.” Id. These requirements arose from a concern that a defendant could request instruction on a lesser-included offense upon which the jury would convict and then in collateral proceedings the defendant could raise the statute of limitations to challenge the convictions.
The issue presented in this case is whether a defendant who successfully asserts the statute of limitations to bar some offenses occurring out of a criminal episode can then waive the statute of limitations in order to have the jury instructed on other lesser-included offenses of the charges. In this case, the defendant successfully raised the statute of limitations to bar the prosecution of the armed burglary charge and then sought to waive the statute of limitations as to the lesser offenses of sexual battery. At trial, the defense attorney informed the judge that his client would seek to waive the statute of limitations defense as to the lesser-included offenses for armed sexual battery. He did not withdraw his assertion of the statute of limitations defense as to the armed burglary charge.
This issue was directly addressed in Rembert v. State, 476 So.2d 721 (Fla. 1st DCA 1985). There, a defendant was charged with first-degree murder and attempted robbery with a firearm. He successfully obtained dismissal of the robbery charge based upon the running of the statute of limitations. In his murder trial, however, he sought to have the jury instructed on time-barred lesser-included offenses. At trial, defense counsel presented the court with a written waiver signed by counsel and requested the instruction on lesser-included offenses during the charge conference, which the trial court denied. The defendant was convicted of first-degree murder.
*922 The First District noted that the defendant had a right to waive the statute of limitations defense, but also cited Tucker for the correct method of waiving the defense, which the defense had not followed:
The record before us is as devoid of any of the assurances that Rembert participated in the proposed trial maneuver as was the record in Tucker. Rembert’s attorney did produce a written waiver which recited some Tucker requirements^] However, it still left open, under Tucker, the possibility that, had Rembert been found guilty of a lesser-included offense of first degree murder, he could not have been properly convicted and sentenced for such a crime.
476 So.2d at 722 (footnote omitted).[1]
On the issue of policy, the First District rejected the waiver of the statute of limitations where the defendant had asserted it to bar the accompanying robbery charges. The court found that it would not serve public policy to allow such a maneuver by the defendant.
We are impressed with another of Tucker’s requirements for an effective waiver, which is that the record must show that “the waiver does not handicap the defense or contravene any of the public policy reasons motivating the enactment of the statute.” The public policy reasons motivating the enactment of the statute must be those which protect a defendant from prosecution on a charge where the means of defense are hampered by the elapse of time. See State v. King [, 275 So.2d 274 (Fla. 3d DCA 1973) ]. In the present case, Rem-bert has secured for himself this protection by his successful motion to dismiss the robbery count. He now seeks, on another charge which is a part of the same criminal transaction, to secure a contradictory advantage, i.e., that the elapse of time should be disregarded for offenses included in the same criminal episode. To permit such “on again, off again” pleading and waiver of the statute of limitations would, in our opinion, contravene the public policy reasons motivating the statute.
Id. at 722.
The supreme court addressed the issue in a capital case. See Eaddy v. State, 638 So.2d 22 (Fla.1994). Just as in Rembert, the defendant was charged with first-degree murder and armed robbery. The robbery charge was dismissed on statute of limitations grounds. At the murder trial, the defense sought to have the jury instructed on the lesser-included offenses, advising the court that the defendant was willing to waive his statute of limitations defense as to these lesser offenses and was willing to abide by any conviction for such offense. The trial court refused to accept the waiver and to instruct the jury on the lesser offenses. The supreme court held that, because this was a capital case, due process concerns required that the trial court accept the waiver and instruct the jury on the lesser-included offenses. 638 So.2d at 24-25 (citing Beck and Rembert v. Dugger). The court noted that the trial court’s refusal to accept the waiver and *923 instruct the jury on the lesser-included offenses put the jury in the position of having to either convict the defendant of murder or acquit him all together, enhancing the defendant’s risk of an unwarranted conviction. Id. at 25.
Eaddy is distinguishable because it involved the imposition of the death penalty. Constitutionally, the defendant was entitled to instructions on lesser-included offenses, and the trial court could not refuse to accept a waiver of such defenses. The defendant could not be faced with “a ‘Hob-son’s choice’ [which] enhanced the risk of an unwarranted conviction for first-degree murder,” and thus imposition of the death penalty, which was the very concern of the United States Supreme Court in Beck.
We agree with Rembert that, where the defendant has asserted the statute of limitations to prevent prosecution of some charged crimes arising out of the same criminal episode to avoid prosecution for those crimes, he cannot then assert the statute of limitations to secure the possibility of reducing his punishment as to crimes for which he still is being prosecuted. The purpose of the statute of limitations was explained in Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858, 25 L.Ed.2d 156 (1970):
The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past.
Where the defendant may still be prosecuted for acts arising out of the same episode which are not barred by a statute of limitations, the statute does not provide protection to the defendant in his defense. Instead, it operates simply to reduce his exposure to punishment for all relevant crimes. Because it is not a constitutional violation, we conclude that the trial court did not err in refusing the appellant’s waiver.
Finally, even if the appellant were allowed to waive the statute of limitations to permit the jury to consider lesser-included offenses, we would hold, as the court did in Rembert, that he did not fulfill his burden to comply with Tucker. As such, the record does not support his position that he was entitled to the lesser-included offense instructions.
We have considered the remaining issues that he has raised on appeal and affirm without further discussion.
We thus affirm the conviction and sentence.
WARNER, J., and STONE, BARRY J., Senior Judge, concur.
STEVENSON, J., dissents with opinion.

. In postconviction proceedings, the Eleventh Circuit held, however, that the trial court erred in failing to accept the waiver, because at the time the waiver was sought the state was seeking the death penalty. See Rembert v. Dugger, 842 F.2d 301 (11th Ctr.1988). Because a defendant in a capital case has a constitutional right to an instruction on lesser-included offenses, the court should have given them when the defendant waived his right to assert the statute of limitations. Nevertheless, the constitutional violation was harmless, because the death penalty was not imposed. Id. at 303. From Rembert v. Dugger, we glean that there is no constitutional right to have the jury instructed on lesser-included offenses where the death penalty is not sought.