

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-1591-13

### THE STATE OF TEXAS

**v.**

### ERIC MICHAEL HEILMAN, Appellee

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE NINTH COURT OF APPEALS
### JEFFERSON COUNTY

**JOHNSON, J.,** filed a dissenting opinion.

### D I S S E N T I N G   O P I N I O N

While I agree that Eric Heilman is not entitled to relief on his "statute of limitations" claim, I cannot join the majority's opinion or its judgment because it is neither necessary nor appropriate to overrule our prior decision in *Phillips v. State*.[1]  Here, the defendant explicitly traded his right to make any "statute of limitations" claim to the misdemeanor charge of tampering with a governmental record in exchange for avoiding indictment for the corresponding state-jail felony offense that was not time barred.  Just as a defendant who requests a jury charge on a time-barred lesser-included

---

[1] 362 S.W.3d 606 (Tex. Crim. App. 2011).

offense waives his right to later claim that his conviction on the lesser offense was barred by limitations,[2] so too a defendant who expressly trades his right to a limitations claim on a misdemeanor to avoid being charged with a felony waives his right to later claim that his conviction was barred by limitations. Heilman might have chutzpah, but he does not have a valid limitations claim.[3]

## I.

Heilman, a member of the Beaumont Police Department, was investigating a drug-trafficking operation in October 2008. He, Officer Brad Beaulieu, and a confidential informant set up a sting operation with a suspected drug dealer, but their target left the scene without completing the transaction. Heilman and Beaulieu chased the suspect and arrested him. They seized cash and a large cache of cocaine from him. But, in drafting his probable-cause affidavit, Heilman omitted any reference to the confidential informant or the sting operation. The suspect eventually disclosed the existence and participation of the confidential informant.

A special prosecutor was appointed, and a grand jury investigation began. According to the habeas court's findings, Heilman's depiction of the events was as follows:

> The investigation of Applicant [Heilman] continued through the fall [of 2010]. On November 23, 2010, Applicant is advised that the file of the Beaumont Police Department Internal Affairs Investigation was being subpoenaed to the Jefferson County Grand Jury. On December 13 or 14, Applicant was advised that the grand jury had met and that he had an opportunity to plead guilty to a misdemeanor or proceed to trial after indictment on felony charges. On December 17, 2010, Applicant was advised that he had until December 22, 2010, to decide whether to

---

[2] *See State v. Yount,* 853 S.W.2d 6, 9 (Tex. Crim. App. 1993) (when defendant requested that the jury be instructed on the lesser-included offense, he was estopped from complaining that his conviction of that lesser offense was barred by limitations).

[3] In fact, Heilman did not originally raise this claim; the habeas judge did.

enter a plea and accept the misdemeanor offer.

The Special Prosecutor filled in the events from his perspective:

> On December 14, 2010 [applicant's original trial counsel] was advised that the grand jury voted unanimously to indict both Eric Heilman and Brad Beaulieu for the felony offenses of tampering with governmental records and, in the case of Brad Beaulieu, aggravated perjury. At the request of and with the consent of the grand jury, an offer was extended to Heilman and Beaulieu through their attorney . . . to plead guilty to [the] misdemeanor offense of tampering with a governmental record for deferred adjudication in lieu of being formally indicted on felony charges. The plea offer was conditioned on their express waiver of any statute of limitations claim that they may have regarding the misdemeanor charges to which they would plead. The grand jury adjourned until December 22 to allow Officers Heilman and Beaulieu to consider the offer.
>
> On December 22, Officers Heilman and Beaulieu appeared before the Court with new attorneys, were properly admonished, waived their rights, expressly waived the statute of limitations, and pleaded guilty to the misdemeanor charge of tampering with a governmental record. In light of the pleas, the grand jury's term expired on December 31, 2010, without formally indicting either officer.

An information charging Heilman with the misdemeanor offense was filed in the county court on December 22, 2010. At the guilty-plea hearing on that day, Heilman and his attorney, along with the special prosecutor and the trial judge, signed the standard written documents, admonishments, and waivers. A handwritten sentence at the bottom of the page read, "I hereby waive all statute of limitations." Directly above that sentence are applicant's initials, as well as those of his attorney. On the official Deferred Adjudication Order, next to three of the probation conditions, is the following statement:

> No State opposition to early termination after six months[.] Defense will not file for early termination before six months[.] Defense waives statute [of] limitations per Judge Flores[.]

Heilman had no right of appeal and did not attempt to appeal. He followed his end of the bargain and did not file for early termination for six months. The state followed its part of the

bargain and did not oppose early termination. However, four months after discharging his probation and obtaining a Deferred Adjudication Order of Dismissal, Heilman filed an application for a writ of habeas corpus claiming, *inter alia*, that he had entered an involuntary plea.

The habeas judge, on his own, raised the issue of whether Heilman's prosecution was barred by the two-year statute of limitations for the misdemeanor offense of tampering with a governmental record. Relying in part on this Court's decision in *Phillips v. State*,[4] he held that the two-year statute of limitations barred applicant's prosecution and that the agreement to waive the statute of limitations was itself "void and a nullity." He concluded that he did not have authority to enter a deferred-adjudication order as a matter of law. The judge dismissed the information and vacated the deferred adjudication order.

The state appealed, and the court of appeals affirmed the habeas judge.

II.

The problem with the lower courts' reliance on *Phillips* is that, in *Phillips*, we explained that a "matter of law" statute-of-limitations claim is one in which the charging instrument shows on its face that the prosecution is time-barred and that the defect is not "reparable."[5] There is absolutely nothing that the state can do to save its prosecution; it is irreparably barred. For example, in *Phillips*, the defendant was charged with twelve counts of sexual offenses committed in 1982 and 1983, but no indictment was filed until 2007. The statute of limitations for all twelve counts had run in 1993 under the then-existing ten-year statute of limitations, and there was no other offense that had arisen

---

[4] 362 S.W.3d 606 (Tex. Crim. App. 2011). Serendipitously, we delivered our opinion in *Phillips* just nine days before Heilman's probation was formally discharged.

[5] *Id*. at 617.

from the same conduct with which to charge him. There was nothing the state could do to resurrect those charges, which had been time-barred for fourteen years. The problem was incurable. Phillips was therefore entitled to prevail on his *ex post facto* claim as a matter of law.

But if the pleading is "reparable," then the statute of limitations is a factual affirmative defense on which the defendant bears the burden of proof.[6] As we explained in *Phillips*,

> The pleading that gives rise to a limitations factual defense is reparable. The pleading that gives rise to a statute-of-limitations bar is not. The first is forfeited unless raised before or during the trial and cannot be raised in a pretrial writ. The second—a true *ex post facto* violation—is not forfeitable under *Ieppert*.[7]

In this case, unlike *Phillips*, another offense that arose from the same conduct was not time-barred. Had Heilman said that he did not want to waive his statute-of-limitations claim to the misdemeanor, the prosecutor could say, "Fine. The grand jury will return a felony indictment this afternoon." This misdemeanor information was easily "reparable" by charging the state-jail felony offense of tampering with a governmental record, which has a three-year statute of limitations and was not time-barred.[8] Although the face of the indictment looks as if the charge were time-barred, a glance at the plea papers and deferred-adjudication judgment and conditions of probation shows that, unlike Phillips, Heilman explicitly waived his right to complain about the statute of limitations concerning the misdemeanor in return for the prosecutor's act of not obtaining a felony indictment for which the statute of limitations had not run. As the state has consistently argued, Heilman

---

[6] *Id*.

[7] *Id.* (citing *Ieppert v. State*, 908 S.W.2d 217 (Tex. Crim. App. 1995).

[8] TEX. CODE CRIM. PROC. art. 12.01(6); *see State v. Collier*, 285 S.W.3d 133, 135 (Tex. App.–Houston [1st Dist.] 2009, no pet.) ("The statute of limitations for the state jail felony of tampering with a governmental record is three years.").

"'benefitted handsomely from his bargain,'"[9] and he cannot complain now.[10] In comparison, Phillips went to trial and benefitted not at all. And, before this Court, the state, represented by the State Prosecuting Attorney, conceded that the state was mistaken at trial and on direct appeal and that the statute of limitations had run in 1993, four years before the Legislature passed the extension of the statute of limitations on which the state had relied.

This situation is the converse of that addressed by the Supreme Court in *Spaziano v. Florida*.[11] In that case, the defendant was being tried on capital-murder charges, but, at the jury-charge conference, the trial judge refused to charge the jury on the lesser-included offenses of murder and manslaughter because the defendant refused to waive the statute of limitations, which had already run on those offenses.[12] On appeal, the defendant complained that he should not be required to waive one substantive right–reliance on the statute of limitations–to obtain the benefit of another substantive right–instructions on lesser-included offenses.[13] The Supreme Court held that the defendant could not have his cake and eat it, too. The defendant was entitled to make his choice: instructions on the lesser-included offenses if he waived the statute of limitations on those lesser

---

[9] *State v. Heilman*, 413 S.W.3d 503, 508 (Tex. App.–Beaumont 2013) (quoting prosecutor).

[10] *See Rhodes v. State*, 240 S.W.3d 882, 891 (Tex. Crim. App. 2007) ("[o]ne who accepts the benefits of a judgment, decree, or judicial order is estopped to deny the validity or propriety thereof, or any part thereof, on any grounds; nor can he reject its burdensome consequences. The only exception to this principle is for challenges to the subject-matter jurisdiction of the court rendering the judgment.") (internal quotation marks and citation omitted).

[11] 468 U.S. 447 (1984).

[12] *Id.* at 450.

[13] *Id.* at 455.

offenses or no lesser-included instructions if he did not waive the limitations claim.[14] We held the same in *State v. Yount;* the defendant may either waive the statute of limitations and obtain instructions on lesser-included offenses or insist upon the statute of limitations and forego lesser-included instruction on offenses that are otherwise time-barred.[15]

The bottom line in those cases is that the statute of limitations may be expressly waived in special circumstances when the limitations statute does not protect the defendant's or society's interests.[16] As a public-policy matter, when the defendant may still be prosecuted for acts that are not barred by a statute of limitations and arose from the same criminal episode, the limitations statute does not provide full protection to the defendant, and the rationale for the rule does not apply.[17]

---

[14] *Id.* at 456. The Court explained,

> If the jury is not to be tricked into thinking that there is a range of offenses for which the defendant may be held accountable, then the question is whether *Beck* requires that a lesser included offense instruction be given, with the defendant being forced to waive the expired statute of limitations on those offenses, or whether the defendant should be given a choice between having the benefit of the lesser included offense instruction or asserting the statute of limitations on the lesser included offenses. We think the better option is that the defendant be given the choice.

*Id.* As the Supreme Court made clear, waiver of the statute of limitations in this context may protect the interests of the jury and those of society, as well as the defendant.

[15] *State v. Yount*, 853 S.W.2d 6, 9 (Tex. Crim. App. 1993).

[16] *See Hulsey v. State*, ___ So.3d ___, CR-13-0357, 2014 WL 4957734, at *2 (Ala. Crim. App. Oct. 3, 2014) ("Notwithstanding the fact that in certain special circumstances where the bar of the statute may be expressly waived when it does not operate in the defendant's favor, . . . under ordinary circumstances the bar of the statute is not waived by a mere failure to assert it, and the statute of limitations may be properly asserted on appeal or in a petition for post-conviction relief.") (citing *Spaziano*; other internal citations omitted); *Cartagena v. State*, 125 So.3d 919, 921 (Fla. Dist. Ct. App. 2013) (defendant may expressly waive statute of limitations in return for instructions on lesser-included offenses if certain procedures are followed); *People v. Brocksmith*, 604 N.E.2d 1059, 1065 (Ill. Ct. App. 1992) ("If a defendant wishes to seek a lesser offense and try for the possible compromise verdict, he must be willing to accept the consequences of that decision, even if it means conviction of a crime for which the statute of limitations has expired."), *affirmed,* 642 N.E.2d 1230 (1994). *See generally*, Alan L. Adelstein, *Conflict of the Criminal Statute of Limitations with Lesser Offenses at Trial*, 37 WM. & MARY L. REV. 199 (1995); Tim A. Thomas, Annotation, *Waivability of Bar of Limitations Against Criminal Prosecution*, 78 A.L.R.4th 693 (1990); Annotation, *Conviction of Lesser Offense, Against Which Statute of Limitations Has Run, Where Statute Has Not Run Against Offense With Which Defendant Is Charged,* 47 A.L.R.2nd 887 (1956).

[17] *See Cartegena*, 125 So.3d at 921.

There is no question that, if the special prosecutor had indicted Heilman for the state-jail felony offense of tampering with a governmental record (an offense that was not time-barred), Heilman could and would have waived the statute of limitations if he pled guilty to the lesser-included misdemeanor offense even though it was technically time-barred.[18] The reverse is also true: If an indictment or information charging the misdemeanor offense of tampering with a governmental record is time-barred, but the state-jail felony offense of tampering with a governmental record is not,[19] then a defendant may expressly waive reliance on the statute of limitations and plead to the misdemeanor offense to avoid indictment and trial on the corresponding felony offense.

In sum, Heilman could, and did, expressly waive his right to rely upon the statute of limitations in pleading guilty to the misdemeanor offense of tampering with a governmental record in exchange for the state's agreement not to indict him on the state-jail felony tampering offense for which the statute of limitations had not run. But because the Court goes too far and overrules the easily distinguishable *Phillips,* I must dissent.

Filed: March 18, 2015
Publish

---

[18] *"By statute, a district court is permitted to try a misdemeanor that is included within a felony offense, even though the misdemeanor would not otherwise be subject to that court's jurisdiction."* McKinney v. State, 207 S.W.3d 366, 376 (Tex. Crim. App. 2006). *See* TEX. CODE CRIM. PROC., arts. 4.05 (jurisdiction of district courts), 4.06 (when felony includes misdemeanor).

[19] The pertinent distinction between the misdemeanor and state-jail felony offenses of tampering with a governmental record is that, to establish the felony, the state must prove that the defendant intended to "harm or defraud another" when he made a false entry in a governmental record. TEX. PENAL CODE § 37.10(c)(1).