DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOHN ARTHUR MACLEAN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2467

[ February 19, 2020 ]

**CORRECTED OPINION**

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case No. 502012CF011333A.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

TAYLOR, J.

Appellant, John Arthur Maclean, was found guilty of an armed sexual battery which occurred on October 16, 1976. He argues on appeal that the trial court reversibly erred by: (1) failing to instruct the jury on the necessarily lesser-included offense of sexual battery, (2) allowing evidence of two other sexual batteries into evidence, (3) allowing DNA evidence that indicated probable contamination and tampering with other DNA samples from other cases, and (4) denying his motion to dismiss based on a violation of his constitutional right to a speedy trial.

Because we conclude, and the State concedes, that the trial court should have instructed the jury on the lesser-included charge of sexual battery, we reverse appellant's conviction and remand for a new trial. This disposition renders it unnecessary for us to reach appellant's other issues raised on appeal.

Before trial, appellant unsuccessfully moved to dismiss the charge of armed sexual battery based on the statute of limitations. At trial, after appellant's case-in-chief, appellant informed the court that he wished to waive his statute of limitations defense in order to have the jury instructed on the lesser-included charge of sexual battery without a firearm. In response, relying on *Cartagena v. State*, 125 So. 3d 919 (Fla. 4th DCA 2013), the State argued that appellant could not waive the statute of limitations defense because he previously moved to dismiss the action based on that defense. Although the trial court did not dismiss any charges which were part of the same criminal episode, the trial court denied appellant's request.

The issue of whether a trial court erred by failing to instruct the jury on a necessarily lesser-included offense is a pure question of law and is reviewed de novo. *Walton v. State*, 208 So. 3d 60, 64 (Fla. 2016).

In *Cartagena*, we explained:

> [W]here the defendant has asserted the statute of limitations to prevent prosecution of some charged crimes arising out of the same criminal episode to avoid prosecution for those crimes, he cannot then [waive] the statute of limitations to secure the possibility of reducing his punishment as to crimes for which he still is being prosecuted.

125 So. 3d at 923.

In other words, a criminal defendant cannot obtain a dismissal of a charge based on the statute of limitations, and later at trial choose to waive the statute of limitations defense as to lesser-included offenses of other charges that arose out of the same criminal episode. *Id.* at 921–23.

For example, in *Cartagena*, the defendant sought to waive his statute of limitations defense to receive an instruction on the lesser-included offense of sexual battery without a firearm. *Id.* at 920. We affirmed the trial court's refusal to accept the defendant's waiver, holding that the defendant could not use the defense to dismiss his burglary charge and then waive the same defense at trial to crimes arising out of the same criminal episode. *Id.* at 923.

Here, the trial court denied appellant's pre-trial motion to dismiss the armed sexual battery charge based on the statute of limitations. After presenting his case, appellant sought to waive the statute of limitations as

to the lesser-included offense of sexual battery without a firearm so that the jury could be instructed on that lesser-included offense. Although the trial court determined that appellant met the requirements for an effective waiver, it refused to accept the waiver and declined to instruct the jury on the lesser-included offense.

Unlike in *Cartagena,* where the defendant succeeded in asserting the statute of limitations and obtaining a dismissal of one of the charges occurring during the criminal episode, in this case appellant did not succeed in obtaining a dismissal of the armed sexual battery charge based on the statute of limitations. No charges arising out of the criminal episode were dismissed based on appellant's assertion of the defense. Therefore, the trial court should have accepted appellant's waiver and instructed the jury on the lesser-included offense of sexual battery without a firearm.

We reverse appellant's judgment of conviction and sentence and remand for a new trial. This disposition renders it unnecessary for us to reach appellant's other issues raised on appeal.

*Reversed and Remanded.*

MAY and DAMOORGIAN, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**